**FILED**

JAN 0 8 2025

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ _____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>Gerardo Julio RUEDA Torres,<br><br>                              Defendant. | Case No.:  **24CR2617-RSH**<br>              **17MJ8432-LR**<br><br><br>**FINDINGS OF FACT AND**<br>**ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a combined detention hearing was held on December 16, 2024, to determine whether Defendant, Gerardo Julio RUEDA Torres, should be held in custody pending trial on the grounds that he is a flight risk. Assistant United States Attorney Anna Sebastian appeared on behalf of the United States. Attorney John Kirby appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, the complaint issued on May 2, 2017, and the Indictment issued against the Defendant on December 14, 2024 by the District Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

# I

## **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1.    The Defendant is charged in Criminal Complaint No. 17MJ8432 with knowingly and intentionally concealing more than $10,000.00 in United States currency or other monetary instruments, in violation of Title 31, United States Code, Section 5332.

2.    The Defendant is also charged in Indictment Case No. 24CR2617-RSH with: international conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 959, 960, and 963; conspiracy to import cocaine, in violation of Title 21, United States Code, Sections 952, 960, and 963; conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and criminal forfeiture, in violation of Title 18, United States Code, Sections 982 and 853. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2))</u>:

1.    On April 18, 2017, based upon an observed traffic violation (traveling in excess of the posted speed limit), an El Centro Police Department ("ECPD") Officer conducted a traffic enforcement stop of a maroon 2017 Ford Raptor ("Ford Raptor"). At the time of this stop, the Ford Raptor was traveling southbound along Highway 111 near the intersection of McCabe Road in El Centro, California.

2.    Upon contacting the driver, the ECPD Officer observed that the driver appeared to be nervous and sweating. The ECPD Officer asked for a driver license and the driver, later identified as Gerardo Rueda ("Rueda") stated in a shaky voice that he did not have his driver license with him. When asked, Rueda stated that there was nothing illegal in the Ford Raptor. The ECPD Officer then asked for consent to search the Ford Raptor, to which Rueda gave verbal consent to search.

3. During the subsequent search, a drug detection canine was used to conduct a search of the exterior of the Ford Raptor. The drug detection canine alerted to the rear of the Ford Raptor. Agents asked both Rueda and his wife, Ana Rueda, if the Ford Raptor was in their possession the entire time. Rueda and his wife both stated, "Yes." Following this canine alert, Rueda verbally agreed for agents to transport the Ford Raptor to the Calexico West Port of Entry to conduct a less intrusive x-ray exam ("Z-portal") of the Ford Raptor's interior.

4. A short time later, a Z-portal examination revealed anomalies in the Ford Raptor's spare tire. The spare tire was lowered and removed from the undercarriage of the Ford Raptor. Inside the Ford Raptor's spare tire, agents discovered $1,089,740.00 of U.S. currency packaged in forty-seven [47] separate bundles.

5. Following the discovery of the aforementioned currency, Rueda was placed under arrest. During a subsequent recording post-*Miranda* interview, Rueda stated that he knew of the U.S. currency in the Ford Raptor's spare tire. Rueda added that, after dropping off his family at his residence, he was going to transport the U.S. currency southbound into Mexico. Rueda admitted that he had no intention of reporting/declaring the U.S. Currency that was in the Ford Raptor's spare tire and that he knew it was illegal to not report/declare the U.S. currency when crossing into Mexico from the United States. Rueda also explained that he was to have been paid $5,000.00 to transport the aforementioned U.S. currency into Mexico. Rueda stated he has smuggled U.S. currency into Mexico from the United States on ten prior occasions where he was paid $5,000 after each occasion.

6. Thereafter, on December 11, 2024, the Defendant was indicted on new charges related to his activity as a suspected high-ranking member of the Los Ruses criminal organization faction of the Sinaloa Cartel in Case No. 24CR2617-RSH with: international conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 959, 960, and 963; conspiracy to import cocaine, in violation of Title 21, United States Code, Sections 952, 960, and 963; conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; conspiracy to launder monetary instruments, in

violation of Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and criminal forfeiture, in violation of Title 18, United States Code, Sections 982 and 853. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

C.  History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1.  Defendant is a United States citizen but has remained in Mexico since his first arrest in 2017.

2.  Defendant was arrested in Mexico and sent to the United States.

D.  Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has one state conviction for which he received a term of probation in 2000.

## II

## REASONS FOR DETENTION

A.  There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 17MJ8432, smuggling of bulk cash from the United States to Mexico in the amount of $1,089,740.00, in violation of Title 31, United States Code, Section 5332.

B.  Additionally, there is probable cause to believe that the Defendant committed the offense charged in Indictment Case No. 24CR2617-RSH; specifically, international conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 959, 960, and 963; conspiracy to import cocaine, in violation of Title 21, United States Code, Sections 952, 960, and 963; conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(h); and criminal forfeiture, in violation of Title 18, United States Code, Sections 982 and 853. Therefore, probable cause exists to believe the Defendant committed the charged offenses.

C. The Defendant is a United States citizen but has remained in Mexico since his arrest in his related case in 2017, despite his strong familial ties to the United States.

D. Defendant faces a substantial period of time in custody if convicted of the offenses charged in the Indictment. Therefore, he has a strong motive to flee.

E. The sureties proffered to the Court are too nebular to ascertain sufficient assets to justify conditions for release from custody.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

### III

### ORDER

**IT IS HEREBY ORDERED** that Defendant be detained pending trial in this matter.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: 1/8/25 .

_____
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney

_____
Anna L. Sebastian
Assistant U.S. Attorney

cc:    John Kirby
       Counsel for Defendant